ELIZABETH YU
Senior Counsel
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611, Ben Franklin Station
Washington, D.C.  20044-7611
(202) 514-2277

ALLAN URGENT
Assistant United States Attorney
District of New Jersey
United States Attorney's Office
970 Broad Street, 7th Floor
Newark, New Jersey 07102
(973) 297-2079

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

———————————————————————— )
                                                              )
UNITED STATES OF AMERICA,                  )
                                                              )
                    Plaintiff,                          )
                                                              )
                    v.                                    )          Civil Action No.  17-7320
                                                              )
THOMAS TOY, MELVA TOY, and             )          **COMPLAINT**
SUPERIOR BARREL AND DRUM CO., INC.,  )
                                                              )
                    Defendants.                     )
———————————————————————— )

            The United States of America, by authority of the Attorney General of the United

States and through the undersigned attorney, acting at the request of the Regional Counsel of the

United States Environmental Protection Agency ("EPA") for Region II, files this complaint and

alleges as follows:

## NATURE OF THE ACTION

            1.        This is a civil action brought pursuant to Section 107 of the Comprehensive

Environmental Response, Compensation, and Liability Act, as amended, ("CERCLA"), 42

U.S.C. § 9607.  In this action, the United States seeks the recovery of certain costs incurred in

response to releases and threatened releases of hazardous substances into the environment at or from the Superior Barrel and Drum Site ("Site") located in Gloucester County, New Jersey.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over the subject matter of this action and over the parties under 28 U.S.C. §§ 1331 and 1345 and Sections 107 and 113(b) of CERCLA, 42 U.S.C. §§ 9607 & 9613(b).

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) and Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), because the releases or threatened releases of hazardous substances that gave rise to this claim occurred in this district, and because the Site is located in this district.

## DEFENDANTS

4.      Superior Barrel and Drum Co., Inc. ("Superior Barrel"), a New Jersey corporation, is a "person" as defined in Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

5.      At relevant times, Superior Barrel operated a business at the Site in Gloucester County, New Jersey.

6.      Thomas Toy, an individual, is a "person" as defined in Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

7.      Melva Toy, an individual, is a "person" as defined in Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

8.      Thomas Toy and Melva Toy are the current owners of the Site.  Thomas Toy and Melva Toy also owned the property at the time of disposal of hazardous substances at the Site. Thomas Toy also supervised and participated in operations at the Site.

## STATUTORY BACKGROUND

9.     CERCLA was enacted in 1980 to provide a comprehensive governmental

mechanism for abating releases and threatened releases of hazardous substances and other

pollutants and contaminants, and for funding the costs of such abatement and related

enforcement activities, which are known as "response" actions, 42 U.S.C. §§ 9604(a), 9601(25).

10.     Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides in pertinent part:

Notwithstanding any other provision or rule of law, and subject
only to the defenses set forth in subsection (b) of this Section –

(1)     the owner and operator of a vessel or a facility, [and]

(2)     any person who at the time of disposal of any hazardous
        substance owned or operated any facility at which such
        hazardous substances were disposed of,

*     *     *

shall be liable for –

(A)     all costs of removal or remedial action incurred by the
        United States Government . . . not inconsistent with the
        National Contingency Plan . . .

## GENERAL ALLEGATIONS

11.     The Site consists of about 5.5 acres of property located at 798-830 Jacob Harris

Lane, Elk Township, Gloucester County, New Jersey and is designated Block 30, Lot 4 on the

official tax map.

12.     Superior Barrel operated a drum reconditioning business at the Site.  The business

began as a sole proprietorship in approximately 1974, and Superior Barrel was incorporated in

1979.

13.     Thomas Toy and Melva Toy purchased the Site property in 1981.

14.     Thomas Toy is the principal of Superior Barrel.

15.     Superior Barrel operated at the Site until approximately 2012.

16.     In August 2013, Gloucester County personnel and New Jersey Department of Environmental Protection ("NJDEP") personnel inspected the Site and conducted field screenings, after which NJDEP requested EPA's assistance in investigating the Site.

17.     On August 30, 2013, EPA personnel inspected the Site.  Thousands of containers were observed at the Site, in various states of deterioration.  NJDEP conducted additional field screening.  Field testing of samples indicated that materials were corrosive, flammable, and/or contained volatile organic compounds ("VOCs").  NJDEP requested that EPA respond to the conditions at the Site.

18.     On September 13, 2013, EPA initiated a removal assessment at the Site.  Analysis of samples taken in September 2013 identified the presence of numerous CERCLA hazardous substances, including benzene, toluene, trichloroethylene, ethylbenzene, xylene, polychlorinated biphenyls ("PCBs") and lead.  Thousands of containers were identified.  A large proportion were weathered and in poor condition.

19.     Based on the removal assessment, EPA determined that a removal action was warranted to address the presence of hazardous substances at the Site.  In 2013-2014, EPA conducted a removal action, including securing the Site, sampling various media, removal of containers of hazardous substances, decontamination of tanks, clean-up of chemical storage and process areas, and off-site disposal of materials removed from the Site.

20.     The Site is a "facility" as defined in Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

21.     There has been a "release" or a "threatened release" of "hazardous substances" into the "environment" at or from the Site, as those terms are defined in Section 101 of CERCLA, 42 U.S.C. §  9601.

22.     In undertaking response actions to address the release or threat of release of hazardous substances at the Site, EPA has incurred and will continue to incur "response costs" as defined in Section 101(25) of CERCLA, 42 U.S.C. § 9601(25).

23.     EPA has incurred at least $6,370,093 through April 20, 2017, in response to the Site.

24.     The response costs incurred by EPA in connection with the Site were incurred in a manner not inconsistent with the National Contingency Plan promulgated pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605, and codified at 40 C.F.R. Part 300.

## CLAIM FOR RELIEF

25.     Paragraphs 1 through 24 are re-alleged and incorporated herein by reference.

26.     Thomas Toy is liable under Section 107(a)(1) and/or (2) of CERCLA, 42 U.S.C. § 9607(a)(1) &/or (2), because he currently owns the Site and/or because he owned or operated the Site at a time of disposal of hazardous substances at the Site.

27.     Melva Toy is liable under Section 107(a)(1) and/or (2) of CERCLA, 42 U.S.C. § 9607(a)(1) &/or (2), because she currently owns the Site and/or because she owned or operated the Site at a time of disposal of hazardous substances at the Site.

28.     Superior Barrel is liable under Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2), because it operated the Site at a time of disposal of hazardous substances at the Site.

29.     Pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), Thomas Toy, Melva Toy, and Superior Barrel are each liable to the United States, jointly and severally, for all

response costs incurred by the United States, including enforcement costs and interest, relating to the Site.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, the United States of America, respectfully requests that this Court:

a. Enter judgment in favor of the United States and against the Defendants, jointly and severally, for all response costs incurred by the United States relating to the Site, including enforcement costs and prejudgment interest, pursuant to Section 107(a)(4)(A) of CERCLA, 42 U.S.C. § 9607(a)(4)(A);

b. Enter a declaratory judgment on Defendants' liability that will be binding in any subsequent action for further response costs or for natural resource damages, pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2); and

c. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,


THOMAS A. MARIANI, JR.
Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice


s/ Elizabeth Yu
ELIZABETH YU
Senior Counsel
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington, DC 20044-7611
(202) 514-2277
elizabeth.yu@usdoj.gov

6

WILLIAM E. FITZPATRICK
Acting United States Attorney
District of New Jersey

ALLAN URGENT
Assistant United States Attorney
District of New Jersey
United States Attorney's Office
970 Broad Street, 7th Floor
Newark, New Jersey 07102
(973) 297-2079


OF COUNSEL:

KATHRYN DELUCA
GERARD BURKE
Office of Regional Counsel
U.S. Environmental Protection Agency, Region II
290 Broadway, 17th Floor
New York, NY 10007-1855
(212) 637-3171


## CERTIFICATION UNDER LOCAL CIVIL RULE 11.2

In accordance with 28 U.S.C. § 1746, I hereby certify, under penalty of perjury, that the matter in controversy in the foregoing Complaint is not the subject of any other action pending in any court, or any pending arbitration or administrative proceeding.


s/ Elizabeth Yu_____
ELIZABETH YU
Senior Counsel
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington, DC 20044-7611
(202) 514-2277
elizabeth.yu@usdoj.gov